IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. SCERBO, | : | CIVIL ACTION NO. **3:CV-07-0527** |
| Plaintiff | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Blewitt) |
| CRAIG A. LOWE, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On March 20, 2007, Plaintiff, Michael J. Scerbo, an inmate at the Pike County Correctional Facility ("PCCF"), Lords Valley, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application for leave to proceed *in forma pauperis*. (Doc. 2).[1] Plaintiff's claim was set forth, in part, on a form § 1983 complaint which this Court routinely provides to *pro se* litigants. Plaintiff also has attached 5 typed pages to his pleading. *See* Doc. 1.[2] Plaintiff's attached typed pages are essentially a separate and repeat pleading of his form

---

[1] Plaintiff filed three other civil rights actions with this Court, Civil No. 06-676, M.D. Pa., Civil No. 06-2368, M.D. Pa. and Civil No. 06-2369, M.D. Pa. Plaintiff's three previous civil rights actions have been dismissed by this Court. Two of Plaintiff's prior cases were dismissed upon screening under the PLRA for failure to state claims, namely Civil Nos. 06-2368 and 06-2369, M.D. Pa. Thus, if the Court adopts the present Report and Recommendation and dismisses the instant case, Plaintiff's next pleading, if filed *in forma pauperis,* will be subject to the three strike rule under 28 U.S.C. § 1915(g).

[2] In his form Complaint, the Plaintiff indicates that he has not fully exhausted the grievance procedure available at PCCF. (Doc. 1, p. 1, ¶ II. A.-C.). Plaintiff claims that prison staff have interfered with his exhausting his Administrative remedies. On March 23, 2007 and March 27, 2007, Plaintiff filed copies of his Inmate Grievance Forms, appeals, and responses. (Doc. 7, Exs. A-B, and Doc. 8).
It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a

complaint.

We now proceed to conduct our obligatory preliminary screening of this matter.

## II. Allegations of Complaint.

Plaintiff names as Defendants: Craig A. Lowe, Warden at PCCF; Sgt. Perry Langbein, sergeant at PCCF; Lt. Campos, lieutenant at PCCF; and Ron Gerico, Classification Coordinator ("CC") at PCCF. All individual Defendants are employees of PCCF. All Defendants are sued in their individual and official capacities. (Doc. 1, p. 2A, attached handwritten statement of claim continuation).[3]

The Complaint alleges that in April 2005, while confined at PCCF, Plaintiff was placed in maximum security protective custody ("PC") "because of problems and rumors that was (sic) around the facility the last time [Plaintiff ] was here." (Doc. 1 A, p. 2). Plaintiff states that, due to these events from his prior incarceration, he was forced into PC, and despite his appeals he filed to

---

civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under §1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. Thus, Plaintiff concludes that he was denied the opportunity to exhaust his claims. As stated, Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). We also note that the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[3]As stated, Plaintiff's form Complaint has one hand-written page attached to it which we refer to as p. 2 A. His form complaint also contained a separate and complete 5-page typed pleading repeating his allegations against the four Defendants. We will refer to the typed 5-page pleading as Doc. 1 A. For the most part we refer to the typed version of Plaintiff's Complaint (Doc. 1 A) since it is more concise and easier to read.

Defendant Warden Lowe, he was denied his request to be returned to the general population at PCCF. (Doc. 7). Plaintiff claims that his due process rights were violated by the Defendants' classification of him and placement of him in the PC without charging him with any disciplinary infraction, without giving him a hearing, and without allowing him to present witnesses. Plaintiff claims the Defendants are liable for their failure to return him to the general population. Plaintiff states that he filed many appeals to be placed back in general population, but that they were all denied. As stated, Plaintiff submitted copies of his grievance forms and responses thereto. (Docs. 7 and 8). Plaintiff states that "Warden Lowe decided that the Plaintiff should remain in PC status where it would be safer for Plaintiff to live upon becoming perminet (sic) PC max ... ." (Doc. 1 A, p. 2, and Doc. 1, p. 2). In addition to claiming that his Fourteenth Amendment due process rights were violated insofar as he was placed in PC without being giving a hearing, he claims that his confinement in PC violates his Eighth Amendment right to be free from cruel and unusual punishment due to the restrictive nature of A Unit housing where PC inmates are placed. Plaintiff claims that being placed in PC for his safety should not be punishment, but he states that it has become such since he is locked down 23 hours per day, not entitled to a TV or radio, has limited commissary in which he can only get candy bars, has limited hygiene items, must go to visitation in shackles and cuffs, cannot attend programs including religious programs, has no law library, and has only one hour of recreation time per day. Plaintiff states that since he is in PC for his safety, the stated restrictions placed on him amount to punishment.

     Plaintiff claims that the Warden should not have forced him to be classified as PC status. Plaintiff also claims that the Warden's decision, without providing him with a hearing, the right to

present witnesses and evidence, and the right to defend himself, violated his Fourteenth Amendment due process rights. (Doc. 1 A, p. 3). Plaintiff also states that the restrictive nature of the PC confinement violates the Eighth Amendment since it amounts to cruel and unusual punishment. As relief, Plaintiff seeks declaratory judgment that the conduct of Defendants violated his Constitutional rights, and he seeks compensatory and punitive damages. (*Id.*, p. 4).

Plaintiff claims that Defendant Langbein interfered with his grievance he filed regarding his claim that his PC confinement violated his due process rights. Plaintiff claims that Defendant Langbein stopped him from exhausting his Administrative remedies by unlawfully pulling back his grievance. Plaintiff also claims that Defendant Campos interfered with the exhaustion of his grievance and sent it back to him stating that his issue was not a grievable issue. (Doc. 1, p. 2 A, ¶'s 1.-2.).[4]  (*See also* Doc. 7 and Doc. 8).[5]

Plaintiff claims that Defendant Gerico violated his Constitutional rights by denying his grievances regarding his attempt to re-enter the general population at PCCF. (*Id.*, ¶ 3., and Doc. 7, Ex. B).

As stated, Plaintiff sues all four Defendants in their individual and official capacities. As in his typed Complaint, in his form Complaint, Plaintiff seeks compensatory and punitive damages for

---

[4]As discussed below, Plaintiff fails to allege an actual injury since he had no constitutional right to file a grievance in the first place, and since he has a court remedy with respect to his claims against Defendants, *i.e.* this civil rights action.

[5]Plaintiff's exhibits show that Defendant Langbein issued Plaintiff a Memo on January 22, 2007, in response to Plaintiff's grievance about his PC classification and advised Plaintiff that it was a non-grievable issue. (Doc. 7, Ex. A). Defendant Campos also advised Plaintiff that his classification was not a grievable issue. (*Id.*, Ex. B).

4

violations of his Constitutional rights, and compensatory damages for emotional distress, mental anguish and physical discomfort. (Doc. 1, p. 3).[6]

The Complaint does not assert any serious harm to Plaintiff as a result of his PC confinement since April 2005 at PCCF. The Complaint does not sufficiently specify any conduct, wrongful or otherwise, of the named Defendants with respect to any cognizable Constitutional violation. We find no sufficient allegations made against any Defendants amounting to their personal involvement in violation of any of Plaintiff's Constitutional rights, *i.e.,* under the Fourteenth Amendment and Eighth Amendment. As to all four (4) PCCF Defendants, Plaintiff's claim that they deprived him of his due process rights by classifying him as PC and by placing him in PC for his own safety without a hearing and the right to defend himself does not state a cognizable constitutional due process violation. Further, Plaintiff's claim regarding the restrictive nature of the PC confinement does not amount to cruel and unusual punishment. Thus, Plaintiff does not state a Fourteenth Amendment claim or an Eighth Amendment claim. As stated, no serious or permanent injuries are alleged by Plaintiff as a result of his PC confinement.

---

[6]As we noted in Plaintiff's prior cases, since he only alleges mental injury, monetary damages for this claim are precluded. As stated, Plaintiff has not alleged physical injury. *See* 42 U.S.C. § 1997e(e). The law is clear that an inmate may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury. Here, the Plaintiff fails to claim physical injury as a result of his PC confinement. Thus, a claim for damages for mental anguish is precluded. *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251 (3d Cir. 2000).

**III.  PLRA.**

We now review the Plaintiff's pleading and find that it contains fatal deficiencies, such as the failure to state a Fourteenth Amendment due process claim and the failure to state an Eighth Amendment cruel and unusual punishment claim or conditions of confinement claim, against all party Defendants under § 1983.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[8]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against all of the named Defendants.

---

[7] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[8] The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts.  The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.  (Docs. 2, 3 and 6).

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[9]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

Plaintiff also styles his action as one under § 1331.  (Doc. 1, p. 1).  However, since all Defendants are state actors, this is a § 1983 action, and not a *Bivens*[10] suit.

**V. Motion to Dismiss Standard.**

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v.*

---

[9]Plaintiff alleges in his pleading that all individual Defendants were employees of PCCF.  (Doc. 1, p. 2).  This is sufficient to show that these Defendants were state agents.

[10]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

*Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## VI. Discussion.

### A. No Constitutional Right to a Grievance Process

As stated, Plaintiff claims that Defendants Langbein, Campos and Gerico violated his Constitutional rights by interfering with his grievances and by denying his grievances.  Also, Plaintiff's claims that Defendants thwarted his attempt to file grievances about his alleged due process violations relating to his PC custody.  These allegations do not state a Constitutional claim, since an inmate has no Constitutional right to a grievance process. As mentioned, Plaintiff's exhibits reveal that Defendants responded to Plaintiff's grievances by advising him that his custody classification was a non-grievable issue. (Doc. 7).  Plaintiff also filed a second grievance on January 23, 2007, claiming that his due process rights were violated by placing him in PC without giving him a hearing or informing him why they imposed on him this custody classification. (Doc. 8).  Plaintiff also claimed that prison staff stopped him from exhausting his administrative remedies.

The law is well-settled that there is no constitutional right to a grievance procedure.  *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977).  This very Court has also recognized that grievance procedures are not constitutionally mandated.  *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential).  Even if the prison provides for a grievance procedure, as the PCCF does, violations of those procedures do not amount to a civil

rights cause of action. *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995). *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted). Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra*.

Therefore, we shall recommend that Defendants Langbein, Campos and Gerico be dismissed with respect to Plaintiff's claim that they interfered with and denied his grievances.

*B. Eighth Amendment*

Plaintiff alleges that Defendants, in particular Warden Lowe, violated the Eighth Amendment with respect to the conditions of his confinement in PC since it imposes cell restrictions on him, and as a result he is locked down 23 hours per day, he is not entitled to a TV or radio, he has limited commissary in which he can only get candy bars, he has limited hygiene items, he must go to visitation in shackles and cuffs, he cannot attend programs including religious programs, he has no law library, and he has only one hour per day of recreation time. Plaintiff seems to claim that these restrictions on him amount to Eighth Amendment cruel and unusual punishment since he is only in PC for his own safety, and he claims that these restrictions amount to atypical and significant hardships.

Plaintiff states that he was deprived of his due process rights since he had no notice and no hearing before he was classified as PC status and before the PC cell restrictions were imposed on him. Plaintiff alleges that he was not allowed to defend himself and present evidence or witnesses

9

before the Warden placed him in PC.  He seeks compensation for the alleged due process violations and for  emotional injury the PC confinement has caused him.  He also seeks compensation for the Eighth Amendment deprivation of his basic human needs as a result of the cell restrictions placed on him without a prior hearing.  Plaintiff does not claim that he was physically injured by the cell restrictions.[11]  Plaintiff states no viable claim of physical injury as a result of any conduct alleged to have been taken by Defendants in this case.  Nor does Plaintiff state a cognizable Fourteenth Amendment due process claim or an Eighth Amendment claim against any Defendant.

While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones...." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970  (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Under *Farmer*, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal

---

[11]As stated above, the law is clear that an inmate cannot recover for emotional injury if no physical harm is stated.  Plaintiff only alleges mental injury.  Money damages for Plaintiff's emotional distress are precluded since he has not alleged physical  injury.  *See* 42 U.S.C. § 1997e(e).  *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251(3d Cir. 2000).   Thus, Plaintiff's claim for damages for emotional and mental harm should be dismissed from his Complaint.

civilized measure of life's necessities" and the prison official acted with recklessness. *Farmer,* 511 U.S. at 834-35 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321 (1991). In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.  Plaintiff makes no such claim as to any Defendant.

As stated, Plaintiff alleges that Defendants violated the Eighth Amendment with respect to the conditions of his PC confinement by imposing cell restrictions on him immediately after he arrived at PCCF for his own safety.  He states that as a result, he is locked down 23 hours per day, not entitled to a TV or radio, has limited commissary in which he can only get candy bars, has limited hygiene items, must go to visitation in shackles and cuffs, cannot attend programs including religious programs, has no law library, and has only one hour per day of recreation time.

Based on the alleged cell restrictions, we find that no inference could be drawn by Defendants that a substantial risk of serious harm existed to Plaintiff.  Further, no requisite inhumane conditions are alleged.  Plaintiff had food, hygiene items, visitation, recreation, and limited commissary.  Thus, we shall recommend that Plaintiff's Eighth Amendment cruel and unusual punishment and conditions of confinement claims be dismissed.  *See Pabaon Osvaldo v. U.S.P. Lewisburg Warden*, 2006 WL 485574, *8  (M.D. Pa.)(no Eighth Amendment violation where federal inmate alleged he was in lockdown status in the SMU, he was only released from his cell one hour per day for recreation and he had limited access to the commissary).

*C. Due Process Claim*

Plaintiff also alleges that the PC cell restrictions were imposed on him without giving him notice, a hearing and the right to call witnesses and present evidence.  Plaintiff claims that the restrictions imposed atypical and significant hardships on him amounting to punishment.  We do not find that Plaintiff has stated a liberty interest with respect to the pre-hearing PC classification and cell restrictions imposed on him, and thus find that he has not stated a due process violation. Plaintiff's claims do not state that he had a "protected liberty interest" that was infringed by the Defendants' alleged actions.  "[T]hese interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  "[T]he baseline for determining what is 'atypical and significant'--the 'ordinary incidents of prison life'--is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his conviction in accordance with due process of law." *Griffin v. Vaughn*, 112 F.3d 703, 706  (3d Cir. 1997) *quoting Sandin*, 515 U.S. at 486.

Plaintiff avers that Defendants' conduct caused him to be classified as PC since April 2005 for his own safety due to problems from the last time he was confined at PCCF.  Plaintiff states that he is locked down 23 hours per day, not entitled to a TV or radio, has limited commissary in which he can only get candy bars, has limited hygiene items, must go to visitation in shackles and cuffs, cannot attend programs including  religious programs, has no law library, and has only one hour per day  of recreation time.

Plaintiff seems to claim that the procedural safeguards of *Wolff v. McDonnell,* 418 U.S. 539 (1974), were not followed in his case. Plaintiff seems to claim that the cell restrictions imposed on him immediately after his arrival at PCCF constituted an atypical and significant hardship, and implicated his due process rights. In *Griffin*, the Court found that confinement of a prisoner in restrictive housing for fifteen (15) months did not implicate a constitutionally protected liberty interest.

Further, the Court in *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997), stated:

> Applying the precepts of *Sandin* to the circumstances before us, we conclude that the conditions experienced by Griffin in administrative custody did not impose on him "atypical and significant hardship," that he was thus deprived of no state created liberty interest, and that he failure to give him a hearing prior to his transfer to administrative custody was not a violation of the procedural due process guaranteed by the United States Constitution.

The *Griffin* Court concluded that, considering the reasons to transfer inmates from general population to administrative custody, such as inmates deemed to be security risks, stays in administrative custody for many months (*i.e.* as long as 15 months) are not uncommon. *Id*. at p. 708. Thus, the *Griffin* Court held that the inmate Griffin's transfer to and confinement in administrative custody "did not deprive him of a liberty interest, and that he was not entitled to procedural due process protection." *Id*.

Based on *Sandin* and *Griffin,* the Plaintiff's Complaint fails to state a due process claim, since we find that the PC classification and cell restrictions do not impose atypical and significant hardships on the Plaintiff in relation to the ordinary incidents of prison life. Thus, we shall recommend that Plaintiff's Fourteenth Amendment due process claim be dismissed. *See also*

13

*Pabaon Osvaldo v. U.S.P. Lewisburg Warden*, 2006 WL 485574, *6  (M.D. Pa.)(Notwithstanding *Wilkinson v. Austin*, __ U.S.__, 125 S. Ct. 2384, 2395 (2005), this Court found no liberty interest arose from placing federal inmate in restrictive SMU program without a due process hearing even though additional restrictions were placed on inmate such as being on lockdown and one hour a day recreation time.  SMU conditions were found to be similar to those in other areas of the prison.).[12]  Further, the only Defendant alleged to have any personal involvement with the classification of Plaintiff as PC and with the placement of Plaintiff in PC is Warden Lowe.  There is no Eighth Amendment claim and Fourteenth Amendment claim even alleged against the other three Defendants.

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id*.  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

---

[12] We also note that, unlike in *Wilkinson*, our Plaintiff does not claim that almost all human contact is prohibited in the PC housing Unit A at PCCF or that he cannot speak with other inmates in the Unit from cell to cell. Plaintiff also concedes that he has visitation privileges, but he must be shackled and handcuffed.

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Plaintiff only names Defendants Langbein, Campos and Gerico due to their involvement with his grievances, including their responses thereto. As discussed above, Plaintiff fails to state a Constitutional violation by these Defendants with respect to this conduct.

As stated above, a prison official's response or lack thereof to an inmate's Administrative remedies is not sufficient alone to hold the official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977).

Morever, Plaintiff has no Constitutional right to prison confinement under any particular custody classification, *i.e.* general population as opposed to PC status. It is well-settled that an inmate has no recognizable constitutional right to a particular custody status. *See Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997). We also find that, to the extent Plaintiff is challenging his

15

PC custody status, a status he admits he was placed in for his own safety, and seeks to be in general population, he is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* a change in his custody status and/or security housing level in the prison by transferring him out of maximum PC to the general population at the prison. The Court will not generally interfere with prison administration matters such as the prison's decision to place an inmate in a particular security level or custody classification, especially for the inmate's own safety. The Court should give significant deference to judgments of prison officials (*i.e.* Warden Lowe) regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002).

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[13] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so

---

[13]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, we find that Plaintiff's Complaint fails to allege an Eighth Amendment violation or a Fourteenth Amendment due process violation by any Defendant. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint fails to allege any Fourteenth Amendment and Eighth Amendment violations by all Defendants.

Accordingly, we shall recommend that this case be dismissed as to all Defendants.[14]

---

[14] Notwithstanding the Plaintiff's *pro se* status and our finding that his § 1983 claims are insufficient as against all Defendants, we do not recommend that he be permitted to amend his Complaint to include more specific facts against the Defendants, since we find that the Plaintiff's allegations against these Defendants fail to state a constitutional violation under the Eighth Amendment and Fourteenth Amendment. Thus, we find futility of any amendment of this claim, and we shall not recommend Plaintiff be granted leave to amend his pleading as to the Defendants we find subject to dismissal. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

**VII. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed as against all four Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is also recommended that Plaintiff's request to proceed *in forma pauperis* be granted for solely for purposes of filing this action.[15]

                                                  **s/ Thomas M. Blewitt**_____
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: April 2, 2007**

---

[15] As noted above, if the District Court adopts this Report and Recommendation, this will be Plaintiff's third strike under 28 U.S.C. §1915(g).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. SCERBO, | : | CIVIL ACTION NO. **3:CV-07-0527** |
| Plaintiff | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Blewitt) |
| CRAIG A. LOWE,  et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 2, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                  **s/ Thomas M. Blewitt**
                                                                  **THOMAS M. BLEWITT**
                                                                  **United States Magistrate Judge**

**Dated: April 2, 2007**