```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
MICHAEL JOSEPH SCERBO,         :
                               :
        Plaintiff,             :CIVIL ACTION NO. 3:07-CV-0527
                               :
        v.                     :(JUDGE CONABOY)
                               :
JOHN A. LOWE, et al.,          :(Magistrate Judge Blewitt)
                               :
        Defendant.             :
```
_____

**MEMORANDUM**

Here we consider Magistrate Judge Thomas M. Blewitt's Report and Recommendation concerning Plaintiff Michael Joseph Scerbo's *pro se* 42 U.S.C. § 1983 action.[1]  (Doc. 9.)  Petitioner also filed an Application to Proceed in Forma Pauperis.  (Doc. 2.)  Upon preliminary screening, Magistrate Judge Blewitt recommends Plaintiff's Complaint (Doc. 1) be dismissed because Plaintiff has not stated a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Doc. 9 at 18.)  He also recommends Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) be granted for this filing only.  (*Id.*)  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on April 17, 2007.  (Doc. 11.)

---

[1]  As the Magistrate Judge correctly notes, Plaintiff's Complaint indicates that he is filing the action pursuant to both 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  (Doc. 9 at 7.)  As the Magistrate Judge also observes, because all Defendants are state officials, this is a § 1983 action and not a § 1331 action which applies to federal officials.  (*Id.*)

1

When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed.  *See Thomas v. Arn*, 474 U.S. 150-53 (1985).  When a plaintiff files objections to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made.  *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).  As to the matters to which a plaintiff has filed no objection, the district court is required only to review the record for "clear error."  *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  Therefore, we will review the issues raised in Plaintiff's objections *de novo* and otherwise review for clear error.

Having considered Plaintiff's objections, for the reasons discussed below, we conclude this case should be served upon Defendants.  We do not concur with the Magistrate Judge's conclusion that Plaintiff's action should be dismissed for failure to state a claim on all claims raised in his Complaint.  Rather, we conclude Plaintiff's Eighth and Fourteenth Amendment claims should go forward.  Therefore, we adopt the Report and Recommendation (Doc. 9) in part and reject it in part.

## **I. Background**

The Magistrate Judge provided a detailed background in his Report and Recommendation. (Doc. 9 at 2-5.) Unless otherwise noted, the following information is derived from the Magistrate Judge's recitation.

Plaintiff is an inmate at the Pike County Correctional Facility ("PCCF") in Lords Valley, Pennsylvania, and the allegations in his complaint are based on his incarceration therein. Defendants, sued in their individual and official capacities, are employees of PCCF: Craig A. Lowe, Warden; Sergeant Perry Langbein; Lietenant Campos; and Ron Gerico, Classification Coordinator ("CC").

Essentially Plaintiff complains that upon entering PCCF in April 2005 ("for charges such as theft by unlawful taking" (Doc. 1 at 5)) he was placed in maximum security protective custody without any hearing and, therefore, Defendants violated his Eighth and Fourteenth Amendment rights. He asserts that this placement constitutes cruel and unusual punishment under the Eighth Amendment. Plaintiff's Fourteenth Amendment claim is grounded in procedural due process based on the lack of a hearing concerning his placement.

Plaintiff contends his placement in protective custody was based on "problems and rumors that was [sic] around the facility the last time he was here." (Doc. 1 at 5.) Plaintiff alleges he

3

filed grievances regarding his placement which were denied and appeals to Warden Lowe were also denied.  Plaintiff maintains Warden Lowe decided his protective custody status should be permanent.  He further alleges the conditions on the unit where protective custody inmates are housed constitute punishment though he is only there for safety.  Plaintiff describes the conditions on the unit which differ from those experienced by the general population as follows: 1) he is locked down twenty-three hours a day; 2) he is not entitled to radio or TV; 3) he has limited commissary privileges in that he can only get candy bars; 4) he gets limited hygiene items; 5) he must go to visitation in shackles and cuffs; 6) he cannot attend programs, including religious programs; 7) he does not have access to the law library; and 8) he has only one hour of recreation time, time in which he also has to clean his cell, go outside to walk around (allegedly "no exercising" allowed) (Doc. 1 at 5), shower, read the newspaper, use the phone, and use the computer.

Plaintiff maintains Defendants Langbein and Campos interfered with his attempts to use the prison grievance system to address the alleged wrongdoings regarding his placement.  In addition to similar grievance issues, Plaintiff maintains Defendant Gerico also is responsible for his placement, as is Warden Lowe.

Following denial of his appeal to Warden Lowe, Plaintiff filed this 42 U.S.C. § 1983 action on March 20, 2007.  The matter was

4

referred to Magistrate Judge Blewitt who issued the Report and Recommendation here considered on April 2, 2004.  (Doc. 9.) Plaintiff filed objections on April 17, 2007.  (Doc. 11.)  We read Plaintiff's objections to disagree with the Magistrate Judge's findings that he has no liberty interest in being in the general population and no due process rights relative to his placement. (*Id.*)  Plaintiff also disputes the Magistrate Judge's conclusion that he has not alleged any injury, referring to discomfort and medical problems related to the conditions of his confinement and the affect on parole considerations.  (*Id.*)

## II. Discussion

### *A.   Standard*

In conducting the preliminary screening of a 42 U.S.C. § 1983 action filed by a plaintiff proceeding *in forma pauperis* required by 28 U.S.C. § 1915(e)(2), dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is analyzed using the same standard as that used when considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

When considering a motion to dismiss based on failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  "[A] complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Thus, the test is to determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993).  Put another way, the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In rendering a decision on a motion to dismiss, a court must accept the veracity of the plaintiffs' allegations and all reasonable inferences which can be drawn from them.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);  *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).

### *B. Plaintiff's Objections*

As noted above, Plaintiff's objections amount to a disagreement with the Magistrate Judge's findings that he has no liberty interest in being in the general population, no due process rights relative to his placement and that he has not alleged any injury.

To succeed on a § 1983 claim, Plaintiff must prove two elements: 1) the conduct complained of was committed by a person acting under color of state law; and 2) the conduct complained of

6

deprived Plaintiff of rights, privileges or immunities secured by the law of the Constitution of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993).

### *1.   Fourteenth Amendment Liberty Interest*

Turning first to Plaintiff's contention regarding a liberty interest and Fourteenth Amendment due process, we conclude this is not a case where we can say with certainty that Plaintiff has failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Regarding the second element of a §1983 claim - whether the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the law of the Constitution of the United States - Fourteenth Amendment "due process rights are triggered by deprivation of a legally cognizable liberty interest." *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003). *Mitchell* explained that "[f]or a prisoner, such a deprivation occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"[2] *Id.* (*quoting*

---

[2]   The *Mitchell* Court also noted state prisoners have a protected liberty interest "in avoiding restraints that "exceed the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Mitchell*, 318 F.3d at 531 n.4 (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Examples would be involuntary administration of phychotropic medication or involuntary transfer to a state mental hospital, *id.* (citations omitted), situations not present here.

7

*Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  What is an "atypical and significant hardship" is determined by "what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997).  In the case of disciplinary or administrative custody, if the inmate had no protected liberty interest in remaining free of such custody, then the inmate was owed no process before or during his placement. *Mitchell*, 318 F.3d at 531.  However, if it is determined that an interest is protected by the Due Process Clause, the question becomes what process is due to protect it.  *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).

The Third Circuit Court of Appeals has explained that in deciding whether a protected liberty interest exists under *Sandin*, the reviewing court must consider two factors: 1) the duration of the complained-of confinement; and 2) the conditions of that confinement in relation to other prison conditions.  *Mitchell* 318 F.3d at 532 (*citing Shoats*, 213 F.3d at 144).  The *Mitchell* court also noted the very fact-specific nature of the *Sandin* test.  *Id.*

In *Griffin*, the court concluded the plaintiff's transfer to and confinement in administrative custody for a period of fifteen months where he did not have a hearing prior to the transfer and where "it was not extraordinary for inmates in a myriad of circumstances to find themselves exposed to the conditions to which

8

[the plaintiff] was subjected," 112 F.3d at 108, did not impose an "atypical and significant hardship." *Id.* at 706-08.  In *Shoats*, eight years in administrative confinement with conditions significantly more restrictive than ordinary prison conditions gave rise to a liberty interest triggering due process protection. *Shoats*, 213 F.3d at 144.

Insofar as Plaintiff seeks to satisfy the second element by asserting a deprivation of his Fourteenth Amendment due process rights, the Magistrate Judge concludes Plaintiff has failed to state a claim based on the Supreme Court's decision in *Sandin* and the Third Circuit Court of Appeals decision in *Griffin.*  (Doc. 9 at 13.)  The Magistrate Judge did not consider the guidance provided in *Mitchell* and *Shoats* as to when a liberty interest is implicated by long-term confinement in administrative (or disciplinary) custody.  Here Plaintiff has been in administrative custody for two years, with no indication of a prospect of release to the general population.  Therefore, he has been in administrative custody for a period longer than that experienced by the inmate in *Griffin* - a distinction which we cannot say is insignificant based on the two-prong fact-specific inquiry required.  Further, because the Magistrate Judge concluded that service of Plaintiff's Complaint was not required for disposition, we do not have a comparison of the conditions of Plaintiff's confinement with those of ordinary prison life.  For these reasons, we conclude service of Plaintiff's

Complaint is proper and Plaintiff's Fourteenth Amendment claim should thereafter be considered in the context set out above.

### *2.   Eighth Amendment Claim*

Plaintiff also objects to the Magistrate Judge's finding that his Eighth Amendment claim should be dismissed. While we agree with the Magistrate Judge's analysis of the claim based on the information available to him at the time, Plaintiff presents additional allegations in his Objections to the Report and Recommendation (Doc. 11 at 2) which lead us to conclude he should be allowed to develop this claim.

Regarding Plaintiff's allegations of cruel and unusual punishment under the Eighth Amendment (*see* Doc. 1 at 2), the relevant inquiry is whether he has been deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Third Circuit Court of Appeals has explained that "[t]his includes proving that the deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting him to that deprivation." *Griffin*, 112 F.3d at 709 (*citing Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)). This requires an allegation that he has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety." *Id.* "Under the law, segregated confinement, difficult as it may be to endure, does not itself constitute cruel and unusual punishment . .

. ." *Id.*

In his Complaint (Doc. 1), Plaintiff generally refers to his confinement in administrative segregation as "cruel and unusual punishment" (*id.* at 2), but he does not allege denial of any basic needs elaborated above.  However, in his Objections to the Report and Recommendation (Doc. 11), Plaintiff refers to a blood clot in his right leg as a "serious medical condition" which he links to his restrictive confinement (*id.*).  He also refers to the medical care he received at PCCF and how that care was questioned by the treating physician at the hospital.  (*Id.* at 2-3.)

Although neither Plaintiff's Complaint nor his objections satisfy the relevant Eighth Amendment standard, in an abundance of caution, we will allow him the opportunity to further develop this claim in an amended complaint.[3]  Therefore, we will not adopt the Magistrate Judge's recommendation that this claim should be dismissed upon initial screening (Doc. 9 at 11).

### *C.  Grievance Claims*

Plaintiff does not object to the Magistrate Judge's conclusion that Plaintiff does not have a constitutional right to a grievance

---

[3] Not only is the information regarding Plaintiff's medical condition and the care he received for it important to consideration of an Eighth Amendment claim, whether Plaintiff suffered a physical injury is also pertinent to damages considerations as the Magistrate Judge noted in his Report and Recommendation (*see* Doc. 9 at 5 n.6, 10 & n.11).  *See Mitchell v. Horn*, 318 F.3d 523, 533-36 (3d Cir. 2003) (discussing 28 U.S.C. § 1997e(e) physical injury requirement).

11

process and, therefore, Plaintiff's claims relating to the process and denial of grievances should be dismissed.  (See Doc. 9 at 8-9.)

We find no clear error in the Magistrate Judge's conclusion. Therefore, we dismiss Plaintiff's claims regarding alleged interference with exhaustion procedures and/or denial of grievances at PCCF.[4]  Because the only allegations made against Defendants Langbein and Campos relate to interference with the grievance process, these Defendants are dismissed from the action entirely. This claim is dismissed as to Defendants Lowe and Gerico, but they remain defendants in the action based on their asserted involvement in Plaintiff's surviving claims.

### **III. Conclusion**

For the reasons discussed above, we adopt the Magistrate Judge's Report and Recommendation in part and reject it in part. (Doc. 9).  We adopt the Report and Recommendation regarding Plaintiff's claims relating to grievances - dismissing these claims as to all Defendants and dismissing Defendants Langbein and Campos from the case entirely as these are the only claims raised against them.  We do not adopt the Report and Recommendation insofar as it recommends dismissal of Plaintiff's Eighth and Fourteenth Amendment

---

[4] While Plaintiff's grievance-related claims do not rise to the level of a violation of his constitutional rights, we note that the grievance issues raised by Plaintiff may be of legal significance to his surviving claims, and, if so should be addressed by Defendants.

12

claims and dismissal of Defendants named in connection with them, Defendants Lowe and Gerico.  The action goes forward as to these claims and Defendants.

    For the sake of judicial and administrative efficiency, prior to directing service of the Complaint, we will allow Plaintiff time to file an amended complaint because, as discussed above, in his objections he asserts a physical injury associated with his confinement, a claim not made in his Complaint and one of potential legal significance.  Following the period allotted for amendment, we will direct service of either Plaintiff's current Complaint or, if filed, an amended complaint and remand the case to the Magistrate Judge for further consideration consistent with this Memorandum and Order.  An appropriate Order follows.

                                    <u>S/Richard P. Conaboy</u>
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: May 7, 2007_____

```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL JOSEPH SCERBO,          :
                                :
        Plaintiff,              :CIVIL ACTION NO. 3:07-CV-0527
                                :
        v.                      :(JUDGE CONABOY)
                                :
JOHN A. LOWE, et al.,           :(Magistrate Judge Blewitt)
                                :
        Defendant.              :
```
_____

**ORDER**

AND NOW, THIS 7th DAY OF MAY 2007, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.  The Magistrate Judge's Report and Recommendation (Doc. 9) is ADOPTED in part and REJECTED in part;

2.  The Report and Recommendation is adopted insofar as it finds Plaintiff does not state a violation of the United States Constitution regarding grievance claims and recommends dismissal of the claims and Defendants named therein;

3.  The Report and Recommendation is not adopted insofar as it recommends dismissal of Plaintiff's Eighth and Fourteenth Amendment claims;

4.  Plaintiff's grievance-related claims are dismissed as are Defendants Langbein and Campos;

5.  Plaintiff's case goes forward as to his Eighth and Fourteenth Amendment claims and Defendants Lowe and

Gerico;

6. If he so chooses, Plaintiff is granted until June 1, 2007, to file an amended complaint;

7. The Court will thereafter direct service on the remaining Defendants and remand the case to the Magistrate Judge for further consideration consistent with this Memorandum and Order;

8. Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is construed as a motion to proceed without full payment of fees and is GRANTED;[5]

9. The Clerk of Court is directed to mark the docket.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

---

[5] Plaintiff completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.